KOECHL v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.    January 7, 1898.)

No. 53.

CUSTOMS DUTIES—CLASSIFICATION—ANTITOXINE.

Antitoxine, used by inoculation for the prevention and cure of diphtheria, was dutiable as a "medicinal preparation," under paragraph 59 of the act of 1894, and was not duty free, under paragraph 664, as "vaccine virus."

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal by the importer from a decision of the circuit court, Southern district of New York, reversing a decision of the board of general appraisers, which reversed the action of the collector of the port of New York in classifying certain imported merchandise for duty.

Albert Comstock, for appellant.

Jas. T. Van Rensselaer, for the United States.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge.    The merchandise in question is antitoxine, the well-known specific used by inoculation for the prevention and cure of diphtheria.    The collector assessed it for duty under paragraph 59 of the tariff act of August 28, 1894, as a "medicinal preparation," which it undoubtedly is.    The importers contend that it should be admitted free of duty, the paragraph on which they rely being, "664. Vaccine virus."    Vaccine virus is the morbic principle of cowpox, which acts as a preventive of smallpox, and is, of course, a different article from antitoxine.    The importers cite the Century Dictionary, which, after giving the correct definition of "vaccine," both as adjective and noun, sets forth as a secondary definition of the word when used as a noun: "In a general sense, the modified virus of any specific disease introduced into the body in inoculation, with a view to prevent or mitigate a threatened attack of that disease, or to confer immunity against subsequent attacks."    No authority for this use is cited.    The quotation expresses merely the opinion of the compiler or compilers of the dictionary, and it would certainly require more than the mere ipse dixit of a contributor to such a work to satisfy us that the words "vaccine virus" are actually used with such meaning by educated people; especially in view of the fact that none of the other standard dictionaries—Webster, Worcester, Funk & Wagnalls, etc.—give any such definition of the phrase.    No testimony was taken before the board of appraisers, but in the circuit court it was shown affirmatively by uncontradicted evidence that the antitoxine in question was not within the common meaning of the words as understood by the pharmaceutical trade and the medical profession.    Congress used the words in the same sense as the trade

uses them in Rev. St. 1874, § 2505, including in the free list "cow or kine pox, or vaccine virus." The decision of the circuit court is affirmed.